```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

TIFFANY HARDRICK, PH.D. &                       CIVIL ACTION
KEITH SANDERS

VERSUS                                          NO: 13-6162

MILLER-MCCOY ACADEMY FOR                        SECTION: "A" (1)
MATHEMATICS AND BUSINESS &
FREEDOM SPECIALTY INSURANCE
```

### ORDER AND REASONS

Before the Court is a **Motion to Remand** (Rec. Doc. 18) filed by Plaintiffs Tiffany Hardrick, Ph.D., and Keith Sanders. Defendant Miller-McCoy Academy for Mathematics and Business opposes the motion. (Rec. Doc. 22). The motion, noticed for submission on January 15, 2014, is before the Court on the briefs without oral argument. For the following reasons, Plaintiffs' motion to remand is DENIED.

### I. BACKGROUND

The instant case arises from Miller-McCoy's negotiations with its employees regarding a retirement benefit plan, and its alleged failure to pay benefits owed to Plaintiffs under that agreement. Both plaintiffs were co-founders and board members of Miller-McCoy, which is a charter school operating in New Orleans. The school was founded in order to maximize the academic performance of urban males.

During 2012, Miller-McCoy's Board of Directors and the school's administrators engaged in negotiations regarding retirement benefits for Plaintiffs and other employees. Eventually, an agreement was reached that would award between 3 to 5 percent of an employee-participant's salary, for those who chose to enroll in the plan.  The Board agreed to an initial payment of $114,000 to several parties.  Plaintiffs allege that Hardrick is owed $20,000, and Sanders $18,000. (Complaint, ¶ 22).

Plaintiffs originally filed their complaint in state court alleging breach of contract (failure to pay bonuses and failure to pay retirement benefits), and defamation. Defendants removed to federal court under 28 U.S.C. § 1331, alleging that this action is governed by the Employee Income Retirement Security Act ("ERISA") because ERISA completely preempts the state law claims and provides Plaintiffs' exclusive remedy. Plaintiffs now move to remand, arguing the retirement plan at issue is not governed by ERISA and there is no federal question present to support removal.

## II. LAW

Any civil action brought in a state court may be removed to federal court if the district court would have had original jurisdiction. 28 U.S.C. § 1441. The removing party has the burden of proving federal jurisdiction. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992) (*citing B., Inc. v. Miller*

*Brewing Co.,* 63 F.2d 545 (5th Cir. 1981)). In this case, Miller-McCoy bears the burden of proving that a federal question exists. *See In re Hot-Hed, Inc.,* 477 F.3d 320, 323 (5th Cir. 2007).

In order to determine if an action presents a federal question, a court must refer to the well-pleaded complaint. *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808 (1986). The well-pleaded complaint rule does not allow a case to be removed to federal court unless the plaintiff's complaint establishes that the case arises under federal law. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (1983)(*quoting Franchise Tax Bd. v. Construction Laborers Vac. Trust for So. Cal.,* 463 U.S. 1, 10 (1983)). Complete preemption, however, is an exception to the well-pleaded complaint rule. *See id.* When a federal statute wholly displaces the state law cause of action through complete preemption then the state claim can be removed. *Id.* Removal is possible because when a federal statute completely preempts a state law claim then that claim in reality is one based on federal law. *Id.* (*quoting Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). ERISA is one such statutory scheme. *Id.* at 207. In sum, the civil enforcement mechanism of ERISA has "such extraordinary pre-emptive power," that it is able to convert an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *Aetna Health Inc.*, 542 U.S. at 209. Therefore, if the state law

complaint originally filed by Plaintiffs herein is within the scope of ERISA's civil enforcement mechanism, it is removable to federal court. *See id.*

But ERISA's preemptive reach does not apply to all benefits paid by an employer to its employees because ERISA only regulates those benefits paid or owed pursuant to an "employee benefit plan." *See Boos v. AT&T, Inc.*, 643 F.3d 127, 130 (5th Cir. 2011) (*quoting Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 344 (5th Cir. 2003)).  Therefore, for a court to find that a state law claim is preempted by ERISA, a court "must first ask whether the benefit plan at issue constitutes an ERISA plan." *Woods v. Texas Aggregates, LLC,* 459 F.3d 600, 602 (5th Cir. 2006).  If the plan does qualify as an ERISA plan, then the inquiry turns to whether the state law claims "relate to" the plan. *Id.*

In the instant case, Plaintiffs do not challenge the existence of a plan in their Motion to Remand, (Rec. Doc. 18, p. 3), only whether the plan is one governed by ERISA. Moreover, Plaintiffs' claim for benefits undisputedly "relate to" the plan at issue. Therefore, the jurisdictional dispute in this case turns on whether the plan at issue is an ERISA plan.[1]

---

[1] Defendants cite the Sixth Circuit decision of *Daft v. Advest, Inc.*, 658 F.3d 583 (6th Cir. 2011), for the proposition that Plaintiffs are erroneously framing the jurisdictional issue around whether or not an ERISA plan existed. (Rec. Doc. 22, Defendant's Opposition at 5). According to Defendants, the

At issue in this case is an employee pension plan, which is one type of employee benefit plan potentially covered by ERISA. ERISA defines an "employee pension benefit plan," or "pension plan" as "any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms . . . such program . . . provides retirement income to employees, or results in a deferral of income by employees for periods extending to the termination of covered employment or beyond . . . ." 29 U.S.C.A.

---

Court's analysis is limited to whether Plaintiffs' claims fall within ERISA's civil enforcement provision.

Defendants misconstrue the *Daft* decision, which of course does not control in this circuit. In *Daft*, the plaintiff filed suit seeking statutory ERISA remedies. After the defendant lost the case, the defendant attempted to argue for the first time on appeal that the court lacked jurisdiction because the plan at issue was not an ERISA plan. The Sixth Circuit held that the existence of an ERISA plan *vel non* was not jurisdictional but rather constituted an element of the plaintiff's cause of action. *Daft*, 658 F.3d at 585. Because jurisdiction did not turn on the existence of an ERISA plan, the defendant had tacitly conceded the existence of an ERISA plan by not raising the defense in the district court.

In this case, however, the existence of an ERISA plan *is* jurisdictional because Plaintiffs are not suing under ERISA but rather under state law. Unlike the claims in *Daft*, Plaintiffs claims do not fail if the Miller-McCoy Academy plan is not an ERISA plan. If the Miller-McCoy Academy plan is not an ERISA plan then Plaintiffs' claims simply proceed as state law breach of contract claims. But if the claims proceed as state law breach of contract claims then there is no federal question to support removal. Therefore, contrary to Defendants' contention, the question of whether the Miller-McCoy Academy plan was an ERISA plan *is* the proper inquiry on removal. And where the plaintiffs in *Daft*, who were suing under ERISA itself for recovery, had the burden of proving the existence of an ERISA plan as an element of their ERISA causes of action, Defendants herein have the burden of proving the existence of an ERISA plan as part of their burden of establishing federal question jurisdiction.

§ 1002(2)(A)(I), (ii) (West 2008 & Supp. 2013). Pension plans are further divided into defined contribution plans and defined benefit plans. *Boos*, 643 F.3d at 130 (*citing* 29 U.S.C. § 1002(34), (35)). Under ERISA, pension plans are subject to a more onerous set of regulations than ordinary employee welfare benefit plans. *Id.* (*citing Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995))*.[2]

In order to be considered a pension plan that is subject to ERISA, a plan must either provide employees with retirement income or result in a deferral of income. *See* 29 U.S.C.A. § 1002(2)(A)(I), (ii). The Fifth Circuit has held that "the words 'provides retirement income' patently refer only to plans designed for the purpose of paying retirement income, whether as a result of their express terms or surrounding circumstances." *Murphy v. Inexco Oil Co.,* 611 F.2d 570, 575 (5th Cir. 1980). That court has also "interpreted the term income broadly . . . to include anything that can be valued in terms of currency." *Musmeci,* 332 F.3d at 345. Therefore, if a plan, by its express terms or its surrounding circumstances, provides an employee with anything that can be valued in terms of currency during retirement the plan will be considered an ERISA pension plan.

---

[2] Because Defendants were convinced that the status of the Miller-McCoy Academy plan was irrelevant to the jurisdictional analysis, they did not attempt to explain whether their plan was a defined contribution plan or a defined benefit plan.

*See Murphy,* 611 F.2d at 575; *Musmeci,* 32 F.3d at 345.

The Court now turns its attention to whether Defendants have met their burden of establishing that the Miller-McCoy plan is an ERISA plan.

### III. <u>ANALYSIS</u>

The complaint alleges "Failure to Pay Retirement Benefits." (Rec. Doc. 1, Complaint, ¶ 16). On its face, this cause of action appears to bring the plan at issue under ERISA because Plaintiffs are suing to recover sums of money they allege are owed under an established retirement plan. Under the test established in *Musmeci,* a sum of money is easily defined as "income," and Plaintiffs themselves allege that the money was to be paid in retirement. The "primary thrust" of this plan, so important to the Fifth Circuit in both *Murphy* and *Boos, supra*, is to reward Plaintiffs with money after they retire.

Furthermore, the express terms of the plan show that it is designed to provide retirement income to the plan's participants. Exhibit A attached to Defendants' Notice of Removal defines the plan as a Specimen ERISA 403(b) Plan. Section 403(b) plans are defined by the Internal Revenue Code as retirement plans. 26 U.S.C.A. § 403(b) (West 2011). Therefore, Plaintiffs' claim for non-payment of benefits under the plan is a federal question, over which this court has original jurisdiction.

In support of their motion to remand, Plaintiffs argue that

7

the plan is not governed by ERISA because there was no formal retirement plan in place when the negotiations with Defendants began. Plaintiffs do not cite any authority or otherwise explain why the existence of a plan at the time of negotiations would be of legal significance, and the Court can discern none.

Plaintiffs also argue that the plan's failure to cover all employees places it beyond ERISA's purview. Under some circumstances, particularly when the existence *vel non* of an employee welfare benefit plan is at issue, the factual question of whether the plan covered all employees may be relevant. *See, e.g., Shearer v. Southwest Life Ins. Co.*, 516 F.3d 276 (5th Cir. 2008) (discussing earlier circuit decisions). But counsel cites no authority, and the Court's own research has again been fruitless, to suggest that a pension plan escapes ERISA coverage simply because less favored employees are not given the option to participate. Indeed, the federal regulations suggest the exact opposite proposition: A plan "under which *one or more* common law employees . . . are participants under the plan, will be covered under title I." 29 C.F.R. § 2510.3-3 (emphasis added).

## IV. CONCLUSION

In sum, Defendants have met their burden of establishing that the employee retirement plan that Plaintiffs are suing upon is governed by ERISA. As such, the state law breach of contract claim for failure to pay benefits under the plan is completely

preempted and the case was properly removed. Plaintiffs' motion to remand is therefore DENIED. The Court expresses no opinion as to whether any other claims asserted in the petition "relate to" the plan and are therefore also preempted. As to any claims not preempted, the Court will exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

    March 6, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE